IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KEENAN D. SIMMONS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:14-CV-1971 |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## **OPINION AND ORDER**

This matter is before the court on a Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus by a person in State Custody filed by Keenan D. Simmons, a *pro se* prisoner, challenging a disciplinary determination made by a hearing officer at Miami Correctional Facility ("Miami") under case number M.C.F. 14-04-0162. For the reasons set forth below, the court **DENIES** the petition (DE #1).

BACKGROUND

On April 21, 2014, Captain D. Reagle prepared a conduct report charging Simmons with battery with serious bodily injury. (DE #1-1.) The conduct report stated as follows:

> At approximately 1648hrs on 05/21/2014 offender Donald Lockhard #998348 was seen stumbling out of his cell, he was disoriented and confused. A check of his person revealed that he has some marks on his body consistent with an assault. Offender D. Lockhard was

> taken to OSB1 for treatment, where he continued to act confused and disoriented, and at 1930hrs he was sent to Howard Co ER for further treatment of possible head trauma. I, Capt. D. Reagle, reviewed the camera and at 1107hrs on 04/15/2014 I saw offender Keenan Simmons #159196 exit his cell in BHU445 after getting dressed for chow. He then waited till staff, Officer J. Shock, passed on his range walk and went to cell BHU433. After a minute of talking at the door you can see his posture and body language change to an aggressive stance and he enters the cell. Offender K. Simmons is in cell BHU433 for 20 seconds, although I cannot see his actions it was apparent by the offenders on the range that something of interest was going on by them staring at the cell door and pointing the entire time Offender K. Simmons is in the cell. Offender K. Simmons then exits the cells and walks towards the front of the building. Moments later offender D. Lockhard is seen stepping to his door and Offender K. Simmons moves to the dayroom where he can look into Cell BHU433. When Offender D. Lockhard sees Offender K. Simmons on the range he quickly goes back into his cell. Offender K. Simmons can be seen on the range staring into cell B433 until the unit exits for chow.

(DE 1-1, p. 1.)

On April 21, 2014, Simmons was notified of the charges. (*Id.* at p. 2.) The screening report reflects that he pled not guilty, did not request a lay advocate, and requested one witness statement, but no physical evidence. (*Id.*) On April 23, 2014, a hearing officer conducted a disciplinary hearing. (*Id.* at p. 3.) Simmons made the following statement: "I was going out for lunch. I paid this guy to do my laundry. My laundry was not there. I confronted the guy and he was going to check for laundry. That was

it. I did not touch him." (Id.) The hearing officer found Simmons guilty of battery based on staff reports, witness statements, and photographs, and imposed a penalty of 120 days lost earned time credits. (*Id.* at 7.) Simmons appealed to the facility head and the final reviewing authority, but his appeals were denied. (*Id.* at 4, 12.)

DISCUSSION

When prisoners lose earned time credits in prison disciplinary hearings, the Fourteenth Amendment Due Process Clause guarantees them certain procedural protections. To satisfy due process, there must be "some evidence" in the record to support the hearing officer's determination. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Simmons raises four claims in his petition: (1) there was a lack of evidence; (2) there was a lack of witnesses; (3) there was a five-hour lapse in time between the alleged assault and Lockhard stumbling out of his cell; and (4) there is reasonable doubt. (DE #1 at 3-4.) Essentially, all four of Simmons's claims are the same. He argues there was insufficient evidence to support a guilty finding. (*See* DE #1 at 2, 3.)

In reviewing a disciplinary determination for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or

3

weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

In this case, there is ample evidence to support the hearing officer's determination. The conduct report written by Captain Reagle recounted that he viewed the video covering Lockhard's cell, which showed Simmons looking aggressive at the doorway of Lockhard's cell, going into Lockhard's cell, causing a disturbance for twenty seconds, leaving the cell, and Lockhard coming out hours later beaten and disoriented. This is sufficient evidence by itself.[1] *Moffat*, 288 F.3d at 988 (witness statements constituted some evidence); *McPherson*, 188 F.3d at 786 (7th Cir. 1999)(conduct report alone provided some evidence to support disciplinary determination). Although Simmons denies that he assaulted Lockhard and focuses on the fact that the video does not show the actual assault, it is not the province of this court to re-weigh the evidence or determine the credibility of witnesses. *McPherson*, 188 F.3d at 786. Because there is some evidence to support the hearing

---

[1] Simmons complains that there is a five hour gap in time between his entering Lockhard's cell and Lockhard coming out of that cell beaten. Although immaterial to the court's decision, this concern has been put to rest in Officer Shock's report. Officer Shock noted that Simmons was the only person to enter Lockhard's cell during the time period in question.

officer's determination, the claim is denied.

CONCLUSION

For the reasons set forth above, the Court **DENIES** the petition (DE #1).

DATED: November 5, 2014                /s/ RUDY LOZANO, Judge
                                       **United States District Court**